UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHARLES EDWARDS, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Case No. 3:08-cv-01720 (PCD) |
| | : |
| MICHEL JEAN-BAPTISTE, GERY | : |
| STEWART, WENDOL WILLIAMS, | : |
| AMERICAN MEDICAL RESPONSE, | : |
| NEW HAVEN POLICE DEPARTMENT, | : |
| and BARBARA REYNOLDS, | : |
| | : |
| Defendants. | : |

**RULING ON DEFENDANTS' MOTIONS TO DISMISS**

On November 12, 2008, Pro Se Plaintiff Charles Edwards ("Edwards") filed suit [Compl. Doc. No. 3] following involuntary hospitalization. Plaintiff named six Defendants: Michel Jean-Baptiste, M.D.; Gery Stewart; Wendol Williams, M.D.; American Medical Response; New Haven Police Department; and Barbara Reynolds. On November 24, 2008, Edwards filed an amended complaint [Doc. No. 7]. Four Defendants, Michel Jean-Baptiste, New Haven Police Department, American Medical Response, and Barbara Reynolds (collectively, "Defendants") moved to dismiss Plaintiff's amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, 12(b)(5) for insufficient service of process, and 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons stated herein, Defendants' Motions to Dismiss [Doc. Nos. 15, 16, 28, 33] are **granted**.

**I.  Statement of Facts**

Plaintiff's amended complaint appears to allege claims of negligent infliction of emotional distress and intentional infliction of emotional distress. (Am. Compl. at unnumbered.)

There are also references to unlawful search and seizure (Am. Compl. at 2) and to medical malpractice (Am. Compl. at unnumbered). Plaintiff asserts jurisdiction pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) and 28 U.S.C. § 1331 (2008). (Am. Compl. at 2.)

## II.     Standard of Review

A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. See Fed. R. Civ. P. 12(b)(1). Plaintiff, as the party asserting subject matter jurisdiction, has the burden of establishing by a preponderance of the evidence that it exists, Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000); Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996). In analyzing a motion to dismiss pursuant to Rule 12(b)(1), the Court must "construe jurisdictional allegations liberally and take as true uncontroverted factual allegations." Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 507 (2d Cir. 1994). However, "argumentative inferences favorable to the party asserting jurisdiction should not be drawn." Atlantic Mutual Ins. Co. v. Balfour MacLaine Int'l, 968 F.2d 196, 198 (2d Cir. 1992); see also Robinson, 21 F.3d at 507.

## III.    Discussion

Plaintiff's amended complaint asserts jurisdiction pursuant to Bivens and 28 U.S.C. § 1331. However, Defendants Michel Jean-Baptiste, American Medical Response, and Barbara Reynolds are correct in their submission that no allegations in the amended complaint support either basis for jurisdiction. In Bivens, the Supreme Court held that "violation of [the Fourth Amendment] by a federal agent acting under color of his authority gives rise to a cause of action for damages consequent upon his unconstitutional conduct." 403 U.S. at 389. However, no

Defendant is a federal agent.

Likewise, Plaintiff has not properly asserted federal question jurisdiction under Section 1331, which vests in district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Supreme Court has clarified that "a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" Vaden v. Discover Bank, 129 S. Ct. 1262, 1272, 173 L. Ed. 2d 206 (2009) (alteration in original) (quoting Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152, 29 S. Ct. 42, 53 L. Ed. 126 (1908)). Although Plaintiff references unlawful search and seizure, he alleges no facts which could amount to a federal search and seizure claim. Further, Plaintiff's remaining claims are state law claims and thus do not give rise to any federal question over which this court may exercise subject matter jurisdiction.

**IV.    Conclusion**

Notwithstanding that only four of six Defendants have moved to dismiss Plaintiff's amended complaint pursuant to Fed. R. Civ. P. 12(b)(1), as this Court does not have jurisdiction over Plaintiff's claims, the case is dismissed as to all Defendants. Defendants' Motions to Dismiss [Doc. Nos. 15, 16, 28, 33] are **granted**. The clerk is directed to close the case.

SO ORDERED.

Dated at New Haven, Connecticut, this  25th  day of June, 2009.

                                            /s/
                              Peter C. Dorsey, U.S. District Judge
                              United States District Court